**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **GERTRUDE GAMBLE,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**BAYER CORPORATION,** )<br>)<br>Defendant. ) | **CIVIL ACTION NUMBER:<br>2:05-CV-00788-MHT-VPM** |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f) and the Court's August 22, 2005 Order, a meeting was held on Monday, August 29, 2005 at the offices of Cory, Watson, Crowder & DeGaris, and was attended by:

**Leila Watson for Plaintiff Gertrude Gamble.**

**Brian A. Wahl for Defendant Bayer Corporation.**

The parties do not request a conference with the court before entry of the scheduling order.

1. **Plaintiff's narrative.** Plaintiff, Gertrude Gamble, ingested PPA-containing medications (Alka Seltzer Plus) manufactured by Bayer Corporation. Plaintiff suffered a hemorrhagic stroke on or about July 5, 1999. She claims that the PPA contained in the

Alka Seltzer Plus caused her stroke. The Plaintiff's causes of action are based on the Alabama Extended Manufacturer's Liability Doctrine, and theories of negligence, wantonness, breach of warranty and fraud.

2. **Defendant's narrative.** Bayer Corporation previously manufactured, marketed and sold Alka Seltzer Plus effervescent medicines containing Phenylpropanolamine ("PPA"). Bayer believes that its Alka Seltzer Plus products are, and at all times have been, safe and effective when used as directed and that no Bayer product caused or contributed to Ms. Gamble's stroke. Bayer will defend this matter on the product and will also focus on alternative causation. For example, Bayer has already ascertained that Ms. Gamble had at least one significant risk factor for stroke (hypertension), and discovery may show that she had others. Other defenses and affirmative defenses may be asserted if warranted by the evidence. Some or all of Ms. Gamble's claims may be barred by the statute of limitations.

3. This jury action should be ready for trial **on or after August 14, 2006** and at this time is expected to take approximately three weeks.

4. The parties do not request a conference with the court before entry of the scheduling order.

5. The parties request a pretrial conference in **July 2006**.

6. <u>Discovery Plan</u>. The parties jointly propose to the court the following discovery plan:

    a. Discovery will be needed on the following subjects:

        i. Medical history of the Plaintiff.

        ii. General fact witness discovery.

        iii. Case specific experts.

    b. All discovery commenced in time to be completed by **April 21, 2006.**

7. <u>Initial Disclosures</u>. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) in the MDL proceeding.

8. The parties request until **October 1, 2005** to join additional parties and amend the pleadings in accordance with the Rules of Civil Procedure.

9. Reports from retained experts under Rule 26(a)(2) due:

    a. from plaintiff by **February 17, 2006.**

    b. from defendant by **March 31, 2006.**

10. <u>Pretrial Disclosures</u>. Final lists of witnesses and exhibits under Rule 26(a)(3) due **30 days before trial**.

      a. Parties should have **14** days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

11. <u>Discovery Limits</u>.

      a. Maximum of **25** interrogatories by each party to any other party. Responses due **30** days after service.

      b. Maximum of **10** depositions by plaintiff and **10** by defendant. Each deposition limited to maximum of **5** hours unless extended by agreement of parties.

      c. Maximum of **10** requests for admission by each party to any other party. Responses due **30** days after service.

      d. Maximum of **10** requests for production of documents by each party to any other party. Responses due **30** days after service.

      e. All potentially dispositive motions filed by **April 19, 2006.**

12. Settlement cannot be evaluated prior to **April 19, 2006.**

Dated <u>August 30, 2005</u>.

| | |
|---|---|
| s/Leila H.Watson | s/Brian A. Wahl |
| Attorney for Plaintiff | Attorney for Defendant, Bayer Corporation |
| Cory, Watson, Crowder & DeGaris, P.C. | Bradley Arant Rose & White LLP |
| 2131 Magnolia Avenue, 2nd Floor | One Federal Place, 1819 5th Ave. N. |
| Birmingham, AL 35205 | Birmingham, AL 35203 |
| (205) 328-2200 | (205) 521-8000 |

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Leila H.Watson
Cory, Watson, Crowder & DeGaris, P.C.
2131 Magnolia Avenue, 2nd Floor
Birmingham, Alabama 35205

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

Respectfully submitted,

s/ Brian A. Wahl
Brian A. Wahl
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: bwahl@bradleyarant.com

5